AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

_____ DISTRICT OF _____

THE NEW YORK TIMES COMPANY

V.

UNITED STATES DEPT. OF DEFENSE

SUMMONS IN A CIVIL CASE

CASE NUMBER:

06 CV 1553

TO: (Name and address of defendant)

United States Dept. of Defense
1155 Defense Pentagon
Washington, DC 20301-1155

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

David E. McCraw
Legal Department
The New York Times Co.
229 W. 43rd Street
New York, NY 10036
(212) 556-4031

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON
CLERK

(BY) DEPUTY CLERK

FEB 2 7 20__
DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

THE NEW YORK TIMES COMPANY,                  :    Index No.

                        Plaintiff,    :

                                            :    **COMPLAINT**

          - against -    :

UNITED STATES        :
DEPARTMENT OF DEFENSE,
                                            :

                        Defendant.    :

------------------------------------------------------X

       Plaintiff The New York Times Company ("NYT"), by its undersigned attorney, alleges for its Complaint:

## THE PARTIES

       1.       Plaintiff is publisher of The New York Times ("The Times"), which has a daily circulation of more than 1.1 million copies and a Sunday circulation of more than 1.6 million, with readers across the U.S. It is headquartered in this judicial district at 229 W. 43rd Street, New York, N.Y.

       2.       Defendant United States Department of Defense (the "DOD") is an agency of the federal government. One of its operating units is the National Security Agency ("NSA").

## JURISDICTION

3. This action arises under 5 U.S.C. § 552 et seq. (the "Freedom of Information Act" or "FOIA"). This Court has jurisdiction of this action under 5 U.S.C. § 552(a)(4)(B).

## VENUE

4. Venue is premised on Plaintiff's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

5. This action arises from the failure of the DOD to disclose certain documents in response to a request made by NYT pursuant to FOIA.

6. Beginning in December of 2005, The Times published a series of stories reporting that the NSA had engaged in what was known as the "special collection program" (the "Program").

7. Under the Program, NSA, among other things, monitored phone calls being transmitted into or out of the United States without warrants issued by courts. The Program, according to the NSA, was intended to collect data on the activities of al Qaeda and other terrorist organizations.

8. On or about December 16, 2005, the NYT requested certain documents relating to the Program. The request was made in a December 16, 2005 letter from Times reporter Eric Lichtblau to the DOD (the "Request").

9. The Request sought the following materials (the "Requested Materials"):

- All internal memos, email communications and legal memorandum and opinions since Sept. 11, 2001 related to the NSA program, also known as the "special collection program," as authorized by executive order in 2002 for the monitoring of some domestic intelligence activities linked to al Qaeda.
- All audits and reviews done on the operations and oversight of the program.
- All meeting logs, calendar items and notes related to discussions of the program, including meetings held by Vice President Cheney and his staff with members of Congress and telecommunications executives.
- All internal and external complaints of abuse or possible violations in the operations of the program or the legal rationale behind it.
- All referrals to or from other agencies for assistance or cooperative action in the use of the program.
- Names and descriptions of all persons or groups identified through the use of the program and a description of relevant episodes used to identify the targets of the intercepts.
- All incident reports and case files on specific wiretaps and intercepts conducted through the program.
- The names and descriptions of all private telecommunications companies that have taken part in the program.
- All contracts, legal agreements, waivers, memos, and correspondence with any and all telecommunications companies as part of the program,

including but not limited to the federal government's use of private sector telecommunication "switches" or "gateways" for electronic intercepts.

10. By a preprinted postcard dated December 30, 2005 (the "Response"), the DOD acknowledged receipt of the Request. The Response neither denied nor granted the Request. Instead, it said that the Request was "being processed as quickly as possible" in accordance with certain DOD regulations.

11. The DOD has not provided any of the Requested Materials nor denied the Request, despite the statutory deadlines of FOIA requiring a substantive response within 20 business days.

12. The DOD has not asserted "unusual circumstances" under 552(a)(6)(B) nor met the statutory requirements of that provision for obtaining additional time to respond to the Request.

## COUNT

13. NYT repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

14. The DOD, as an agency subject to FOIA, must release in response to a FOIA request any disclosable documents in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

15. Under 5 U.S.C. § 552(a)(6)(A), the DOD was required to provide documents or issue a denial within 20 business days of receiving the Request.

4

16. Under 5 U.S.C. § 522(a)(6)(C), a person making a request for materials under FOIA "shall be deemed to have exhausted his administrative remedies with respect to such a request if the agency fails to comply with the applicable time limit provisions" of FOIA.

17. Accordingly, NYT is deemed to have exhausted its administrative remedies as to the Request, and this Court has jurisdiction to hear this matter.

18. The DOD has asserted no lawful basis under FOIA for withholding the Requested Materials.

19. The DOD's failure to provide the Requested Materials violates FOIA.

20. NYT is entitled to an order compelling the DOD to produce the Requested Materials.

WHEREFORE, NYT respectfully requests that this Court enter judgment on its behalf:

    a. declaring that the Requested Materials must be disclosed under FOIA;

    b. directing the DOD to provide the Requested Materials to NYT within 20 business days of the Court's order;

    c. awarding to NYT the costs of this proceeding, including reasonable attorneys' fees; and

    d.  granting to NYT such other and further relief as this Court deems just and appropriate.

Dated: New York, New York
   February 27, 2006

                   _____
                   David E. McCraw (DM7708)

                   The New York Times Company
                     Legal Department
                   229 W. 43rd Street
                   New York, NY 10036
                   Phone: (212) 556-4031
                   Facsimile: (212) 556-4634
                   e-mail: mccraw@nytimes.com

                   ATTORNEY FOR PLAINTIFF